Error *to Pope Circuit Court.*

JOSEPH GWINN *against* ROBERT M. ROBERTS.

An order, drawn by one person on another, in favor of a third, for so many dollars in merchandize, is not a bill of exchange under the statute—and not assignable, so as to give the holder or assignee a right of action.

Consequently no action can be sustained by the person to whom it purports to be assigned, against the drawer of it, on failure of the drawee to pay it.

And the judgment of the Circuit Court quashing the proceeding had before a Justice in such case, will be sustained, although the judgment was based upon the ground that there was no regular protest.

The plaintiff in error commenced this action against the defendant before a Justice of the Peace, on the following writing:

"*Mr. Saugrain,* Please let Mr. Chambers have thirty-two dollars and thirty-eight cents, in merchandize, in your store, and charge the same to my account, and oblige yours, this 30th of October, 1838.

R. M. ROBERTS."

Endorsed on the back of which is the following, viz: "I assign the within order to Joseph Gwinn. ELIHU CHAMBERS."

"I protest the within this 16th day of February, 1839.

A. SAUGRAIN."

On the trial before the Justice, Gwinn obtained judgment for thirty-two dollars and thirty-eight cents against Roberts, from which he appealed to the Circuit Court, and on the trial there, moved the court to quash the proceedings had before the Justice, on the ground that the order sued on had not been regularly protested by a Notary Public; which motion the court sustained, and gave judgment in favor of Roberts for "all costs there and in the Justice's Court, and that the appellant go without day."

HEMPSTEAD, for plaintiff in error:

The court below undoubtedly took a mistaken view of the law in deciding that the plaintiff in error could not recover, because the order mentioned in the proceedings was not protested before a notary pub-

Gwinn *against* Roberts.

lic, and which order was made the foundation of the action before the justice of the peace, or to speak more technically, was the evidence by which a recovery was had. Under the construction of *sec.* 13, *ch.* 20, *Rev. Stat.*, this order will be considered as a bill of exchange, and governed by the law merchant as to days of grace, protest and notice. See *sec.* 14, *ch.* 20, *Rev. St.*

This is an *inland* bill; and by the *lex mercatoria* an inland bill is not required to be protested for non-payment. A protest is unnecessary. *Chitty on bills* 61; 1 *Saund. Pl. and Ev.* 295; 3 *Kent's Com.* 93.

In any view of the case, the want of a protest could only bar the hold-from receiving special damages, and never preclude him from the right of recovering the amount of the bill; 1 *Saund. Pl. and Ev.* 295.

It has long been the settled rule and practice not to consider the protest of an inland bill as necessary or material. 3 *Kent's Com.* 94; *Bayly on Bills* 167; 2 *B. and A.* 696.

Nor is the protest of an inland bill generally deemed necessary in this country. 3 *Kent's Com.* 94.

Without adducing any further authority, it must be apparent to the court that an error in law has been committed which ought to be rectified.

RINGO, *Chief Justice*, delivered the opinion of the court:

The statute declares that the term, " bill of exchange," as used in this act "shall be so construed as to include all drafts or orders drawn by one person on another, for the payment of a sum of money specified therein." From the least observation it will be perceived that the writing in question is neither a bill of exchange, draft, or order for the payment of a sum of money specified therein, because the drawee is not requested thereby to pay any sum of money whatever to the payee, or any other person. The defendant simply requests Mr. Saugrain to let Mr. Chambers have merchandize, in his store, to the value $32.38, and to charge him, Roberts, with the amount, which was evidently the understanding of the parties, and such is the operation and legal construction of the writing, which cannot be regarded either as a bond, bill, promissory note, draft, or order, within the operation of the law merchant, nor any statutory provisions whatever in

10

force in this State; nor can it, under any principle of law, be considered as a contract, or writing capable of being assigned in any manner, so as to transfer to and vest in the assignee or holder thereof a legal right of action against the drawer. The plaintiff, therefore, misconceived his remedy; and although the reason assigned in the record as the basis of the judgment given by the Circuit Court may not be warranted by law, yet as the judgment itself appears to be right, and in every respect authorized by facts as they appear in the record, it must be, and is hereby, in all things, affirmed, with costs, notwithstanding the insufficiency of the reason assigned for it by the Circuit Court.